UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KHARI DEVON COLEY,

                              Petitioner,

        v.                                              9:23-CV-0612
                                                        (GLS/TWD)
SUPERINTENDENT,

                              Respondent.

---

APPEARANCES:                              OF COUNSEL:

KHARI DEVON COLEY
Petitioner, pro se
13-A-0904
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GARY L. SHARPE
United States Senior District Judge

### DECISION and ORDER

Petitioner Khari Coley seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt.

No. 1.[1]  Instead of a petition, the commencing document that petitioner filed is a form motion

— seemingly intended for submission to the United States Court of Appeals for the Second

Circuit — seeking permission to file a second or successive federal habeas petition. *Id.* at 1.

Petitioner has previously filed two federal habeas petitions in this Court. *See Coley v.*

*Miller*, No. 9:22-CV-0458 (DNH/TWD) ("*Coley II*"), Dkt. No. 1, Petition; *Coley v.*

*Superintendent*, No. 9:16-CV-0992 (GTS) ("*Coley I*"), Dkt. No. 1, Petition. The petition in

*Coley II* was dismissed as successive, and petitioner unsuccessfully sought permission to file

---

[1] Citations to the various submissions, Court Orders, and Mandates refer to the pagination generated by
CM/ECF, the Court's electronic filing system.

the petition from the Second Circuit.  *Coley II*, Dkt. No. 6, Decision and Order (dismissing

petition and directing petitioner to seek permission from the Second Circuit); *Coley II*, Dkt.

No. 7, Judgment; *Coley II*, Dkt. No. 9, Notice of Appeal; *Coley II*, Dkt. No. 11, Mandate

(denying motion to file a successive petition).

      The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of

petitioners to file second or successive petitions.  *See Torres v. Senkowski*, 316 F.3d 147,

150 (2d Cir. 2003).  In such circumstances, AEDPA requires individuals seeking to file a

second or successive petition to obtain leave of the appropriate Court of Appeals for an order

authorizing the district court to consider the second or successive application.  *See* 28 U.S.C.

§ 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United

States District Courts ("Before presenting a second or successive petition, the petitioner must

obtain an order from the appropriate court of appeals authorizing the district court to consider

the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a

second or successive application is filed in this Court, the applicant shall move in the Second

Circuit Court of Appeals for an order authorizing the district court to consider the

application.").  The Second Circuit has directed "that when a second or successive petition

for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second

Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or

motion to th[e Second Circuit] in the interest of justice pursuant to § 1631." *Liriano v. United

States*, 95 F.3d 119, 123 (2d Cir. 1996).

      Here, it seems clear that, while petitioner sent his motion to this Court, his intention

was to file it with the Second Circuit.  Further, as petitioner is seeking permission to file a

2

successive petition, this Court has no jurisdiction to grant the relief petitioner seeks. Consistent with the direction given to him by the Court in *Coley II*, petitioner appears to be seeking permission so that he can correctly file a successive federal habeas petition. Accordingly, the Clerk is directed to transfer the motion to the Second Circuit for its consideration.

      **WHEREFORE**, it is hereby

      **ORDERED** that the motion, Dkt. No. 1, is **TRANSFERRED** to the United States Court of Appeals for the Second Circuit for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

      **ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules of Practice.

May 26, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge